IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| WILLIAM A. GUY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:13cv8-MHT |
| | ) | (WO) |
| ALABAMA POWER COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Plaintiff William A. Guy brought this lawsuit against
defendant Alabama Power Company, charging federal claims
under (1) the Uniformed Services Employment and
Reemployment Rights Act (USERRA), 38 U.S.C. §§ 4301-4333,
and asserting two Alabama state claims based on (2) the
tort of intentional infliction of emotional distress and
(3) the tort of negligent or wanton hiring, training, and
supervision.   Jurisdiction is proper under 28 U.S.C.
§§ 1331 (federal question) and 1367 (supplemental
jurisdiction).

This matter is now before the court on Alabama Power's motion to dismiss.  Based on the parties' filings and representations made on the record on June 19, 2013, this court allowed Guy's USERRA claims to go forward and dismissed his intentional-infliction-of-emotional-distress claim.  The court reserved ruling on his claim of negligent or wanton hiring, training, and supervision. For the reasons set forth below, the court will now grant Alabama Power's motion to dismiss as to this claim as well.

## I.

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007), "only enough facts to state a claim to relief that is plausible on its face." <u>Id</u>. at 574.


## II.

Guy is a member of the Alabama National Guard, which is a component of the United States Army and the United States National Guard.  Since 2003, he was also working for Alabama Power, first as a salesman, and then, starting in 2008, as Division Appliance Sales Manager.  In May 2012, he informed his supervisor that his National Guard unit was being deployed to Afghanistan in April 2013.  Guy alleges that his informing his employer of this deployment resulted in a series of adverse actions against him that ultimately culminated in his termination.  In his claim of negligent or wanton hiring, training, and supervision, he

specifically alleges that Alabama Power knew that its employees, including managers and supervisors, were engaging in discrimination based on military service and "failed to halt said discrimination; failed to discipline or terminate the offending employee[s]; retained said offending employee[s] in their managerial capacity; and tacitly encouraged additional discrimination by said employee[s]." Compl. (Doc. No. 1) at 11-12.

## III.

The key points of contention in the parties' filings on Guy's claim of negligent or wanton hiring, training, and supervision are, first, what Alabama law requires in order to establish this claim and, second, whether Guy's allegations meet those requirements.

It appears that Alabama courts have, in general, recognized two means of holding employers liable for their employees' wrongdoing.  There is the obvious <u>indirect or vicarious liability</u> through the doctrines of agency or

4

respondeat superior by which employers are held liable for their employees' wrongdoing if certain conditions are met, and then there is <u>direct liability</u> by which employers are held liable for their own conduct in negligently or wantonly hiring, training, or supervising their employees. <u>Stevenson v. Precision Standard, Inc.</u>, 762 So. 2d 820 (Ala. 1999); <u>Big B, Inc. v. Cottingham</u>, 634 So.2d 999 (Ala. 1993); <u>Potts v. BE & K Const. Co.</u>, 604 So. 2d 398 (Ala. 1992); <u>see also</u> <u>Kurtts v. Chiropractic Strategies Group, Inc.</u>, 481 F. App'x 462, 469 (11th Cir. 2012). Here, Guy asserts the latter.

Alabama Power contends that a claim of negligent or wanton hiring, training, and supervision must be based on an Alabama common-law tort.  Guy responds that Alabama Power reads Alabama law too narrowly; instead, he contends that the law allows this sort of claim to go forward based simply on "wrongful conduct."  Accordingly, he contends that he finds a basis for his claim in an Alabama statute

that incorporates and applies the federal USERRA to the members of the Alabama National Guard.

To support his interpretation, Guy leans heavily on the Alabama Supreme Court's decision in <u>Jones Exp. Inc. v. Jackson</u>, 86 So.3d 298, 304 (Ala. 2010). He contends that, in that case, the court implies that a claim of negligent hiring, supervision, and training may be based on an employee's wrong other than one grounded in an Alabama common-law tort. The court in that case reasoned that, "implicit in the tort of negligent hiring, retention, training, and supervision is the concept that, as a consequence of the employer's incompetence, the employee committed some sort of act, wrongdoing, or tort that caused the plaintiff's injury." <u>Id</u>. at 305 (emphasis deleted).

First of all, it is clear that the employee's wrongdoing must be based on state, and not federal, law. Otherwise, the tort of negligent or wanton hiring, training, and supervision could be a corridor through

which federal laws prohibiting various types of conduct by employees could be incorporated into state law as a privately redressable requirement on employers to stop their employees from engaging in such conduct. "[M]ak[ing] an educated guess of how the Alabama courts, and, in particular, the Alabama Supreme Court," would answer this question, Palmer v. Infosys Technologies Ltd. Inc., 888 F. Supp. 2d 1248, 1252 (M.D. Ala. 2012) (Thompson, J.), this court confidently doubts that the Jones court intended such potentially indiscriminate and broad incorporation of federal law into state law.

The more difficult question is whether the Jones court intended to restrict the tort of negligent or wanton hiring, training, and supervision to those instances in which the employee's wrongdoing is based on Alabama common law, or, to put it another way, the tort does not include those instances where the wrongful conduct is based on only an Alabama statute. In determining what the Jones court intended, this court believes it prudent to heed

that it is generally undesirable, where holdings of the Alabama Appellate Courts are not at issue, to dissect the sentences in the opinions of those courts as though they were the Alabama Code.  <u>Cf</u>. <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 515 (1993) ("we think it generally undesirable, where holdings of the Court are not at issue, to dissect the sentences of the United States Reports as though they were the United States Code").  This caution is particularly applicable here because the issue before the <u>Jones</u> court was not whether the underlying employee wrongdoing for the tort of negligent or wanton hiring, training, and supervision was restricted to a common-law tort but rather whether a jury's finding that a truck driver was not negligent was inconsistent with its finding that the company negligently hired the truck driver and, if so, whether a new trial was the proper remedy.  Because the above language from <u>Jones</u>, upon which Guy so heavily relies, was not its holding, that language should not be

8

dissected as such. Instead, this court should look elsewhere as well so as to get the full picture.

"[I]n Big B, Inc. v. Cottingham, 634 So.2d 999 (Ala.1993), th[e Alabama Supreme] Court recognized a cause of action for negligent or wanton supervision and training." Stevenson v. Precision Standard, Inc., 762 So. 2d 820, 824 (Ala. 1999). "That cause of action ... was predicated on the underlying tortious conduct of an employee, an assistant manager." Id.; see also Stevenson, supra (holding that a jury verdict against an employer based on negligent training and supervision of a supervisor who allegedly sexually harassed a fellow employee could not stand where the jury also exonerated the supervisor). Then, relying on Big B and Stevenson, this federal court stated that, "Under Alabama law, the finding of underlying tortious conduct is a precondition to invoking successfully liability for the negligent or wanton training and supervision of an employee." Smith v. Boyd Bros. Transp., Inc., 406 F. Supp. 2d 1238, 1248 (M.D. Ala. 2005) (Thompson, J.). And, to complete the circle,

9

the Jones court cited this court's Smith opinion as one of several "additional authorities" in support of the Jones quote relied upon by Guy, 86 So3d at 305; indeed, without any effort to distinguish and in leading up to the language relied upon by Guy, the Jones court actually quoted the above language from Smith.  86 So.3d at 304.

If this case-law history were not enough to support the conclusion that the tort of negligent or wanton hiring, training, and supervision by an employer is restricted to an underlying common-law tort or just a tort by the employee, it appears that all Alabama federal courts that have considered the issue have consistently interpreted state law as requiring that the employee's wrongdoing be based on "a common-law, Alabama tort ..., [and] not on a federal cause of action." Short v. Mando Am. Corp., 805 F. Supp. 2d 1246, 1277 (M.D. Ala. 2011) (Fuller, J.) (quotations and citations omitted); see also, e.g., Williams v. Daiichi Sankyo, Inc., 2012 WL 3627765, at *3 (N.D. Ala. Aug. 21, 2012) (Bowdre, J.) ("The plaintiff must allege underlying wrongful conduct that is

10

an Alabama common law tort to support a claim of wanton supervision."); <u>Evans v. Mobile Infirmary Med. Ctr.</u>, 2005 WL 1840235, at *17 (S.D. Ala. Aug. 2, 2005) (Hand, J.) ("[T]he Alabama Supreme Court has held that a plaintiff is required to prove an underlying common-law tort in order to prevail in a claim for negligent supervision, training or retention."). Moreover, the Eleventh Circuit Court of Appeals, in interpreting <u>Jones</u>, read that case as supportive of the idea that this claim can be sustained only where there has been an underlying state tort. <u>See Kurtts v. Chiropractic Strategies Group, Inc.</u>, 481 F. App'x 462, 469 (11th Cir. 2012) (citing <u>Jones</u> to explain that, in cases where there has been no evidence that a tort was committed, "the Alabama Supreme Court has explained that an employer may not be held directly liable on a theory of negligent supervision or training because no [underlying] tort occurred."). While neither <u>Kurtts</u> nor any Alabama case expressly forecloses the possibility that the claim of negligent or wanton hiring, training, and supervision could be based on some employee wrongdoing

11

other than that prohibited by a common-law tort, the conventional wisdom of the federal courts appears to be that a state tort must underlie this type of claim.

In any event, even if Guy could convince this court that a statutory wrong could form the basis for this claim, this claim should still be dismissed. The Alabama statute that Guy cites as a basis for this claim mandates that, under certain circumstances, the USERRA and the Solders' and Sailors' Civil Relief Act apply to members of the Alabama National Guard, including when they are called to active duty by the Governor rather than the President. The full text of the statute reads:

> "Whenever any active member of the Alabama National Guard, in time of war, armed conflict, or emergency proclaimed by the Governor or by the President of the United States, shall be called or ordered to state active duty for a period of 30 consecutive days or more or federally funded duty for other than training, the provisions of the SSCRA and the Uniformed Services Employment and Reemployment Rights Act shall apply."

1975 Ala. Code § 31-12-2.

12

However, while the statute provides members of the Alabama National Guard like Guy the protections outlined in USERRA, nowhere does it suggest that it could form the basis of a negligence or wantonness claim of the sort that Guy now asserts. As the statute does not provide for this sort of action, the court would overreach to conclude today that it can form the basis of a claim of common-law negligent and wanton hiring, training, and supervision.

The court finds an analogy in a case that Guy himself cites in his brief: <u>Johnson v. Brunswick Riverview Club, Inc.</u>, 39 So.3d 132 (Ala. 2009). In that case, Johnson asserted a claim for negligent hiring, training, and supervision against a bowling alley after it served her son alcoholic drinks and he was killed in his automobile shortly after he drove away, intoxicated. The bowling alley argued that her claim was "in reality a claim alleging the negligent dispensing of alcohol, a claim Alabama does not recognize." <u>Id</u>. at 139. Johnson countered that her claim was based on the bowling alley's "hiring/training and/or supervising its employees in

13

carrying out duties which are required by statute ... which ... [the] employees ignored in the present case." Id. (quotations and citations omitted).  The court sided with the bowling alley, reasoning that Johnson's claim "s[ought] a remedy directly related to the alleged unlawful dispensing of alcohol, and ... attempts to do so outside the Dram Shop Act," which is the exclusive remedy for the unlawful dispensing of alcohol. Id. at 140.

Here, like in Johnson, Guy seeks to engraft a negligence cause of action onto a statute that already includes its own set of remedies and means of obtaining them and a statute, in the absence of which, no arguably comparable common-law claim would exist.  The court is not persuaded that he may do so.  The USERRA and the Alabama law applying it to Alabama National Guard members address, to the extent their drafters wished, how employers must conduct themselves with regard to members of the Alabama National Guard.

Guy's additional examples of cases where a claim of negligent or wanton hiring, training, and supervision was

14

purportedly based on statutory violations are inapposite. For instance, Guy cites <u>Ex parte Ridgeview Health Care Center, Inc.</u>, 786 So.2d 1112 (Ala. 2000), in support of his argument that this type of claim can be based on violation of a statute.  However, this case merely cited statutes, the Alabama Medical Liability Acts, that placed limits on allowable discovery in the case; there is nothing in the Alabama Supreme Court's opinion to indicate that the statutes themselves were the basis for the claim of negligent or wanton hiring, training, and supervision.

In sum, even if <u>Jones</u> did create an opening for a claim against employers for the negligent or wanton hiring, training, and supervision of their employees based on their employees' wrongdoings other than those prohibited by common-law torts, this court cannot conclude that the statute that Guy cites would be such a basis.

Moreover, because there is no allegation that Alabama Power engaged in negligent hiring, the claim should also be dismissed to the extent that it is based on negligent hiring.

15

\* \* \*

Accordingly, for the above reasons, it is ORDERED that defendant Alabama Power Company's motion to dismiss (doc. no. 7) is granted as to plaintiff William A. Guy's claim of negligent or wanton hiring, training, and supervision and said claim is dismissed. This motion may now be terminated.

DONE, this the 29th day of July, 2013.


        /s/ Myron H. Thompson
      UNITED STATES DISTRICT JUDGE